# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-130-FDW

| | |
|---|---|
| APRIL MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| GREYHOUND LINES, INC., et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER comes now before the Court on Defendant Lessie Simmons's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6), (Doc. No. 14), Defendant Lisa Borror's Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6), (Doc. No. 16), and Defendant Greyhound Lines, Inc.'s Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) (Doc. No. 18).

Plaintiff April McDaniel is an African-American woman who was an employee of Defendant Greyhound Lines, Inc. On September 20, 2006, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") naming "Greyhound Lines, Inc. (Food Service)" ("Greyhound") as the only respondent. Specifically, Plaintiff alleges that her manager at the Greyhound bus terminal in Charlotte, North Carolina threw file folders at her, called her a "racially offensive name," and then fired her. (Doc. No. 20, Ex. 11; Doc. No. 22.) After losing her

job in Charlotte, Plaintiff subsequently moved to Jackson, Mississippi and began working at Greyhound's Food Services Department there. Plaintiff worked for two days at Greyhound's Jackson location before she was informed by her supervisor, identified in the Complaint as "Leslie," that her services were no longer needed because the woman whom Plaintiff replaced was returning from maternity leave. Plaintiff alleges that her dismissal was in fact due to her race (African-American) in violation of Title VII of the Civil Rights Act of 1964.

After receiving a right-to-sue letter from the EEOC, Plaintiff, proceeding pro se and in forma pauperis, filed her Complaint in this Court on March 25, 2008, in which she alleges a violation of Title VII.[1] The Complaint names Greyhound, Lisa Borror, and the above-described "Leslie" (Defendant Lessie Simmons) as Defendants. Though not entirely clear, the Complaint appears to allege that in April 2006 Defendant Lisa Borror, Plaintiff's supervisor at the Greyhound terminal in Charlotte, threw a file folder at Plaintiff on two separate occasions. After Plaintiff reported these incidents to Greyhound management in Dallas, Texas, Borror allegedly told Plaintiff she "didn't know you was a 'Dumb Nigger'." (Doc. No. 1 ¶ 9.) These incidents precipitated Plaintiff's termination from the Greyhound location in Charlotte and her subsequent move to Jackson, Mississippi.

Greyhound's summons and a copy of the Complaint were sent via U.S. Mail to the Greyhound terminal in Jackson, Mississippi at 300 W. Capitol Street. Defendant Lessie Simmons signed for the package. Greyhound denies that Simmons is an officer, director, or registered or managing agent capable of receiving service of process on behalf of Greyhound.

---

[1] Plaintiff's Complaint, filed using a form complaint for causes of action brought under 42 U.S.C. §§ 1983 and 1985 provided by the Court, originally alleged a violation of § 1985. This Court construed the allegations in the Complaint to mean a violation of Title VII when it granted Plaintiff leave to proceed in forma pauperis.

# DEFENDANTS SIMMONS'S AND BORROR'S MOTIONS TO DISMISS PURSUANT TO RULE 12(B)(1)

## STANDARD OF REVIEW

Defendants Simmons and Borror both move this Court to dismiss Plaintiff's Complaint against them for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The burden rests with the plaintiff to prove that subject matter jurisdiction exists. See, e.g., Fidelity and Guaranty Insurance Co. v. Bradley, 212 F. Supp. 2d 163, 164 (W.D.N.C.) (citing Evans v. B. F. Perkins Co., 166 F.3d 642, 646 (4th Cir. 1999)). The Court accepts as true all factual allegations set forth in the complaint and construes those facts in favor of the plaintiff. Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217 (4th Cir. 1994). "A motion to dismiss for lack of subject matter jurisdiction should be granted only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans, 166 F.3d at 647. When ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court may consider matters outside the pleadings. Mims v. Kemp, 516 F.2d 21, 22 (4th Cir. 1975).

## ANALYSIS

Title VII of the Civil Rights Act of 1964 creates a right of action for private employees alleging employment discrimination on the basis of race, color, religion, sex or national origin. 42 U.S.C.A. § 2000e-5(f)(1) (West 2008). "All employees . . . alleging such discrimination must, however, exhaust their administrative remedies before exercising this right." Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006). Where a private-sector employee believes she has been the victim of employment discrimination in violation of Title VII, she must file an administrative charge with the EEOC before seeking judicial relief. 29 C.F.R. § 1601.7 (2004). In cases where the EEOC

cannot eliminate the discriminatory conduct or facilitate some conciliation between the employer and the employee, or where it finds no reasonable cause for the complaint, it "issues the employee a right-to-sue letter explaining that he may bring a 'civil action' in federal court seeking judicial review of his discrimination claim." Laber, 438 F.3d at 416 (citing 42 U.S.C.A. § 2000e-5(f)(1); 29 C.F.R. § 1601.28 (2004)).

A Title VII civil action may only be brought "'against the respondent named in the charge.'" Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998) (quoting 42 U.S.C.A. § 2000e-5(f)(1)); see also Schilling v. Rutherford Pediatrics, P.A., 346 F. Supp. 2d 828, 839 (W.D.N.C. 2004) ("Title VII precludes a plaintiff from stating a claim against any defendant not named as a respondent in an EEOC charge."); Efird v. Riley, 342 F. Supp. 2d 413, 423 (M.D.N.C. 2004) ("It is true generally that before a defendant may properly be sued under Title VII, he must first be administratively charged by being named in a complaint to the EEOC."). The requirement that all individual defendants be named as respondents in the administrative charge serves two purposes: "First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits the effectuation of the Act's primary goal, the securing of voluntary compliance with the law." Alvarado, 848 F.2d at 458-59. "Failure to name a party in the EEOC charge normally means the plaintiff did not exhaust the administrative remedies against those parties, and the district court must dismiss the case." Mayes v. Moore, 419 F. Supp. 2d 775, 782 (M.D.N.C. 2006).

The Fourth Circuit has reiterated the need for naming all defendants in the administrative charge, including individual supervisors and affiliates of the employer that may be held personally liable. See Causey 162 F.2d at 800-01. Because the plaintiff's EEOC charge identified only the employer as a respondent and not the plaintiff's supervisors and managers who were later named as

defendants in the civil action, the court in Causey dismissed the claims against the unnamed defendants due to inadequate notice: "[the plaintiff's] EEO[C] charge failed to put the individual defendants on notice that they were potentially subject to personal liability for the alleged violations." Id.

There is, however, a "substantial-identity exception" to this rule. Mayes, 419 F. Supp. 2d at 783. This exception allows unnamed respondents in the EEOC charge to be held liable in civil actions where they have been given adequate notice by the administrative charge. Factors for determining substantial identity are as follows:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id.

In the case at bar, Plaintiff's EEOC charge failed to name either Defendant Simmons or Borror as respondents; the only legal entity named in the charge is "Greyhound Lines, Inc. (Food Service)." Plaintiff has failed to satisfy her burden to show substantial-identity between the named Defendant, Greyhound, and the unnamed Defendants, Simmons and Borror. See Mayes, 419 F. Supp. 2d at 783. Moreover, the allegations contained in the Complaint appear to be based upon a

different instance of discrimination than what is indicated in the original EEOC charge.[2] Because the Complaint and the EEOC charge appear to focus on different sets of facts, it is unclear, without naming both Simmons and Borror as respondents and affording them an opportunity for an administrative remedy, how either Simmons or Borror can be named as Defendants in a Title VII suit. Although both Simmons and Borror are referenced as "managers" in the EEOC charge, their omission as named Defendants in the charge denied them an opportunity to obtain voluntary conciliation and compliance regarding either of the alleged discriminatory incidents that occurred in Charlotte and Jackson. Furthermore, Simmons and Borror are prejudiced by the lack of notice that they might be held liable, even in their official capacities, for the alleged discriminatory conduct.

In conclusion, Plaintiff has not exhausted her administrative remedies with respect to Defendants Simmons and Borror. They were not named as respondents in the EEOC charge, and as such the Court lacks jurisdiction over any civil claims against them related to the EEOC charge. Accordingly, Defendants Lessie Simmons and Lisa Borror's Motions to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) are GRANTED.

Because this Court lacks jurisdiction over Defendants Simmons and Borror, it is inappropriate to consider the merits of Plaintiff's claims—however meritorious they may be—against them. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). The Court therefore declines to address Defendants Simmons and Borror's additional grounds for dismissal.

---

[2] In the "particulars" section of the EEOC charge, Plaintiff alleges that she was fired from the Jackson, Mississippi location after the manager there, identified as "Leslie," spoke to Plaintiff's former manager in Charlotte, North Carolina. She had resigned from the Charlotte location after her (unidentified) manager called her a racially offensive name. Plaintiff's Complaint, however, makes no mention of the firing from the Jackson location, and focuses only on the incidents in Charlotte, including Borror's alleged use of a racially offensive name when addressing Plaintiff.

# DEFENDANT GREYHOUND'S MOTION FOR DISMISSAL PURSUANT TO RULES 12(B)(4), 12(B)(5), AND 12(B)(2)

## STANDARD OF REVIEW

Defendant Greyhound moves this Court to dismiss Plaintiff's Complaint for insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(4) and insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Under these rules, "the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003). Where service of process has given the defendant actual notice of the litigation, "the rules, in general are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). However, this does not give the Court license to ignore the plain requirements for the means of effecting service of process contained in the rules. See id. Under North Carolina law, "a plaintiff who fails to comply with [service of process statutes], even where actual notice occurs, does not properly serve the defendant." Shaver v. Cooleemee Volunteer Fire Dep't., No. 1:07-cv-175, 2008 WL 942560, at *2 (M.D.N.C. 2008) (citing Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 614 S.E.2d 378, 382 (N.C. App. 2005); Greenup v. Register, 410 S.E.2d 398, 400 (N.C. App. 1991); Broughton v. Dumont, 259 S.E.2d 361, 363 (N.C. App. 1979)).

A motion to dismiss must be made with specificity as to how process or service of process are deficient under Federal Rule of Civil Procedure 4. O'Brien v. R. J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1400 (7th Cir. 1993). Defendant Greyhound's Motion and its supporting memorandum

satisfy this requirement.

## ANALYSIS

Defendant Greyhound challenges the adequacy of process, arguing that because the summons failed to identify any parties qualified to accept service, process is defective on its face and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(4). Greyhound also challenges the service of process and moves for dismissal under Rule 12(b)(5), insofar as the service was not made on an authorized agent of Greyhound. The Court will first address Greyhound's Motion to Dismiss for insufficient service of process.

Service of process in this case is controlled by North Carolina law. Fed. R. Civ. P. 4(e) ("[A]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."); Fed. R. Civ. P. 4(h) (applying Fed. R. Civ. P. 4(e)(1) to service on corporate defendants). Although Plaintiff is proceeding pro se and in forma pauperis, she is held to the same standards regarding service of process:

> The filing of a lawsuit is a serious event . . . . Service rules are structured to ensure due process and uniformity in the application of procedures which alert those receiving a corporation's mail that the enclosed lawsuit demands prompt attention. These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred.

Shaver, No. 1:07-cv-175, 2008 WL 942560, at *2 (citing Stack, 614 S.E.2d at 382; Hoyle v. United Auto Workers Local Union 5285, 444 F. Supp. 2d 467, 474 (W.D.N.C. 2006)).

Service on corporate defendants may be effectuated by sending the summons and complaint by certified mail addressed to "the officer, director or agent to be served." N.C. Gen. Stat. § 1A-1;

N.C. R. Civ. P. 4(j)(6)(c). For the purposes of providing notice to Greyhound that a civil action had been filed against it, Simmons is not an appropriate designee to receive service.

> The proper methods of service on corporations are to either (1) "deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," or (2) follow the state law rules for effecting service. Fed.R.Civ.P. 4(h)(1). The North Carolina Rules of Civil Procedure provide that corporations should be served by delivering or mailing a copy of the summons and of the complaint to either "an officer, director, or managing agent of the corporation," someone who appears to be in charge of that person's office, or to the person authorized to accept service for the corporation.

Brown v. Blue Cross and Blue Shield of North Carolina, 226 F.R.D. 526 (M.D.N.C. 2004).

In this case, the summons and Complaint naming Greyhound as a Defendant were sent to the bus terminal in Jackson, Mississippi, where Defendant Lessie Simmons signed to receive the documents. Simmons, as a food services manager at the Jackson terminal, is not qualified to receive service of process on behalf of Greyhound. She does not have the "broad executive responsibilities" expected of an agent designated to receive service, nor does she serve as an officer or a managing or general agent of Greyhound. Witcher, T/A v. Mac Tools, Inc., 62 F.R.D. 708, 710 (M.D.N.C. 1974). Moreover, Plaintiff has made no showing that service was effected sufficiently or that Simmons was in fact an appropriate agent to receive service. Accordingly, Defendant's Motion to dismiss pursuant to 12(b)(5) is GRANTED. Because this ruling is dispositive on the issue of process, the Court declines to address Rule 12(b)(4).

When service of process is insufficient, a court lacks personal jurisdiction over the defendant. See Transylvania County v. Lincoln Gen. Ins. Co., No. 1:05-cv-282, 2005 U.S. Dist. LEXIS 44472, at *4-*5 (W.D.N.C. 2005). The Court therefore lacks personal jurisdiction over Greyhound, and its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is GRANTED. The Court

does not reach the merits of Greyhound's Motion to Dismiss pursuant to Rule 12(b)(6) because it lacks personal jurisdiction for the reasons stated above.

Accordingly, for the reasons stated herein, Defendants Simmons and Borror's Motion to Dismiss pursuant to Rule 12(b)(1) is GRANTED; Defendant Greyhound's Motions to Dismiss pursuant to Rule 12(b)(2) and 12(b)(5) are GRANTED; and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.[3]

IT IS SO ORDERED.

Signed: July 7, 2008

Frank D. Whitney
United States District Judge

---

[3] A word on dismissal without prejudice for the benefit of the pro se Plaintiff is in order. Because the Court has not ruled on the merits of Plaintiff's Complaint and is dismissing the Complaint for lack subject matter jurisdiction and personal jurisdiction, Plaintiff is free to refile her Complaint after curing the defects here discussed. She must, of course, do so before the statutory time limit has run.